# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| Jerald Eldreth,<br><br>　　　　　Plaintiff,<br><br>– against–<br><br><br>Barclays Bank Delaware and Schlee & Stillman, LLC,<br><br>　　　　　Defendant(s). | Civil Action No.<br><br><br><br>**COMPLAINT** |

## COMPLAINT

Plaintiff, Jerald Eldreth, (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Barclays Bank Delaware and Schlee & Stillman, LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' breach of contract, breach of the implied covenant of good faith and fair dealing, and violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff, Jerald Eldreth, is an adult citizen of the State of Virginia.

3. Defendant, Barclays Bank Delaware ("Barclays"), is a financial institution that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 125 South West Street, Wilmington, DE 19801.

4. Defendant, Schlee & Stillman, LLC ("Schlee"), is a for profit business entity that is regularly engaged in the business of collecting debts in Delaware, with its principal place of business located at 9712 Belair Rd Ste 203, Nottingham, MD 21236. The principal business purpose of Schlee is the collection of debts using the mails and telephone, and Schlee regularly attempts to collect debts alleged to be due to another.

5. Schlee is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Federal question jurisdiction arises pursuant to 15 U.S.C. § 1692.

8. Venue is proper in Delaware pursuant to 15 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## FACTUAL ALLEGATIONS

9. Schlee attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Barclays.

10. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and constitutes a "debt" for purposes of 15 U.S.C. § 1692a(5).

11. On or about January 22, 2015, Plaintiff and Barclays entered into a settlement agreement for Plaintiff's Barclays account ending in 9511.  A copy of the settlement agreement is attached hereto as Exhibit A.

12. Pursuant to the terms of the aforementioned settlement agreement, Plaintiff was required to make three (3) monthly payments totaling $5,226.00 to settle and close his Barclays account.

13. Thus, Barclays acknowledged in writing that it had agreed to a settlement of Plaintiff's Barclays account ending in 9511, in consideration for the payments which Plaintiff would be required to make.

14. Plaintiff, via his debt settlement company, DMB Financial ("DMB"), timely made the requisite monthly settlement payments.

15. Barclays accepted and cashed the first two settlement payments.  Proofs of these payments are attached herein as Exhibit B.

16. However, although Plaintiff and DMB timely made the final settlement payment available, Barclays refused to accept this payment, thereby breaching the parties' agreement.

17. Barclays's reneging on the settlement agreement with Plaintiff constitutes a breach of the settlement agreement, which was a binding legal contract.

18. Thereafter, in January of 2017, Plaintiff received a summons on the above referenced account seeking a balance of $14,112.57; this lawsuit was initiated

by Schlee. The summons and supporting documentation are attached herein as Exhibit C.

19. This letter was a false representation of the debt; the account was already settled directly with Barclays's and contained a settlement balance of only $868.00.

20. Schlee knew or should have known that its actions violated the FDCPA. Additionally, Schlee could have acted in compliance with the FDCPA, but failed to do so.

21. Schlee failed to adequately review its actions to ensure compliance with the FDCPA.

22. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants.

23. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## COUNT I
(Breach of Contract)

24. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

25. Barclays acknowledged in writing that it had agreed to a settlement with Plaintiff, in consideration for the settlement payments, which Plaintiff would be required to make.

26. The settlement agreement constituted a legally binding contract.

27. Plaintiff timely made and Barclays accepted the first two requisite payments, in accordance with the settlement agreement.

28. However, although Plaintiff made the final settlement payment available, Barclays refused to accept the payment and finalize the settlement.

29. Barclays's reneging on the settlement agreement with Plaintiff was a breach of contract.

30. As a result, Plaintiff has suffered actual and monetary damages.

## COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. Barclays owed Plaintiff an implied duty of good faith and fair dealing with respect to the settlement agreement it entered into with Plaintiff.

33. By way of the foregoing conduct, Barclays breached the implied covenant of good faith and fair dealing that it owed to Plaintiff with respect to the settlement agreement.

34. Barclays has acted unreasonably and in bad faith and deprived Plaintiff of the benefit of the bargain of the settlement agreement by refusing to perform their obligations under the settlement agreement.

35. As a result of Defendant's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered actual and monetary damages.

## COUNT III
(Fair Debt Collection Practices Act)

36. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

37. The above contacts between Schlee and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

38. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

39. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount or legal status of any debt.

40. FDCPA 15 U.S.C. § 1692f(1) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

41. Schlee violated the FDCPA by falsely and deceptively collecting on Plaintiff's debt for a much higher amount than the settlement balance and subsequently refusing to honor a previously executed and binding settlement agreement on Plaintiff's debt.

42. Schlee knew or should have known that its actions violated the FDCPA. Additionally, Schlee could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the FDCPA.

43. As a result of the above violations of the FDCPA, Schlee is liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands that judgment in the sum of $12,000.00 be entered against Defendants as follows:

(a) That judgment be entered against Barclays for actual and monetary damages accrued by Plaintiff as a result of Barclays's breach of contract;

(b) That judgment be entered against Barclays for actual and monetary damages accrued by Plaintiff as a result of Barclays's breach of the implied covenant of good faith and fair dealing;

(c) That judgment be entered against Schlee for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(d) That judgment be entered against Schlee for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f) That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*